## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **SCOTT HAWTHORNE HUNT,** | § | **CIVIL ACTION NO.** |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| vs. | § | |
| | § | |
| | § | **PLAINTIFF'S ORIGINAL** |
| **OFFICERS ELIAS OLIVAREZ #222 and** | § | **COMPLAINT** |
| **MATTHEW FOSS #125 (individually and in** | § | |
| **their official capacities as Colleyville Police** | § | |
| **Officers),** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Scott Hawthorne Hunt, ("Plaintiff"), and makes and files this, his Original Complaint against Officers Elias Olivarez and Matthew Foss in their individual capacity, of the Colleyville Police Department ("Defendants").

## INTRODUCTION

1.      This is an action under 42 U.S.C. § 1983 that arises out of the police brutality of Plaintiff Scott Hunt that occurred on August 15, 2023 when the Defendant police officers unlawfully threw Plaintiff to the ground, pulled his arms behind him, stood on his neck and twisted his left arm to the point the sound of his neck breaking could be heard on body-camera videos. Beginning with (1) Officer Olivarez pushing Plaintiff; (2) continuing with Officer Olivarez slamming Plaintiff to the concrete) ; (3) continuing with Officer Olivarez putting Plaintiff in a choke hold and (4) concluding with Officer Foss and Officer Olivarez pulling Plaintiff's left arm behind him until his neck and elbow were fractured and his shoulder injured, all events which caused Mr. Hunt to suffer substantial

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1

bodily injuries. **Each and every use (as well as the cumulative use) of excessive force against Mr. Hunt against constituted excessive and unreasonable use of force in violation of Mr. Hunt's constitutional rights.** Under well-established law on the excessive and unreasonable use of force, none of the officers who assaulted Mr. Hunt are entitled to qualified or any other immunity for these actions.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth Amendment to the United States Constitution, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

3.      Venue lies in U.S. District Court for the Northern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND SERVICES

4.      Plaintiff **Scott Hawthorne Hunt** is a resident of Fort Worth, Tarrant County, Texas. Plaintiff brings this lawsuit individually and may be reached through his undersigned counsel at The Cochran Firm - Dallas, PLLC.

5.      Defendant Elias Olivarez (Officer Olivarez) is an individual believed to be residing in Wise County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Olivarez while he was acting under color of state law, and each act and omission was committed pursuant to Officer Olivarez's employment and authority as a police officer with the City of Colleyville. Defendant may be served with process at the Colleyville Police Department located at 5201 Riverwalk Drive, Colleyville, Texas 76034 or wherever he may be found.

6.      Defendant Matthew Foss (Officer Foss) is an individual residing in Tarrant County,

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 2

Texas.  The acts and omissions complained of herein arise from the conduct of Defendant Foss while he was acting under color of state law, and each act and omission was committed pursuant to Officer Foss's employment and authority as a police officer with the City of Colleyville.  Defendant may be served with process at his residence located at 3273 Button Bush Drive, Fort Worth, Texas  76244, the Colleyville Police Department located at 5201 Riverwalk Drive, Colleyville, Texas  76034 or wherever he may be found.

## FACTUAL BACKGROUND

9.      On August 15, 2023, in the evening hours, Scott Hunt arrived at the scene where his daughter was being detained by Colley Police Department officers to bring her identification.  Upon arrival, Mr. Hunt witnessed his daughter being searched by Defendant Officer Elias Olivarez, a male police officer and exclaimed "You can't do that."

10.     At that point, Officer Olivarez rushed towards Mr. Hunt pushed him backwards and forced his arms behind his back.

11.     Officer Foss came over to assist Officer Olivarez and forcefully grabbed Mr. Hunt by the left arm, while Officer Olivarez placed Mr. Hunt in handcuffs.

12.     Mr. Hunt's daughter screamed "Let him go.  He's an old man."

13.     A different Colleyville Police Officer told her Mr. Hunt was not under arrest.

14.     Hearing that, Mr. Hunt begin moving his arm, believing he was no longer going to be handcuffed.  Instead, Officer Olivarez grabbed him by the neck and threw him down the concrete.

15.     Officer Olivarez then stood on Mr. Hunt's neck and pulled his right arm so far back towards his neck that Plaintiff's neck snapped and broke, loudly enough where it can be heard breaking on body cam videos. Plaintiff Hunt's elbow also fractured and he suffered additional injuries to his shoulder.  At the time the officers broke his neck and further injured Plaintiff, he was

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 3

not resisting.

16.     Each and every one of these assaults, as well as the cumulative number of assaults, against Mr. Hunt constituted unreasonable and excessive force.     As a result of the physical assaults by Officers Olivarez and Foss, Mr. Hunt suffered serious bodily injury that resulted in hospital bills totaling more than $100,000.00.  He suffered physical injuries to his neck, shoulder, head and arms, and most likely, additional injuries not known yet.

17.     Moreover, Mr. Hunt suffered severe emotional distress and trauma as a result of the incidents.  Since that day, Mr. Hunt has experienced a number of flashbacks and hallucinations back to the incident, particularly when he is in the presence of police officers or police cars.  He has also suffered from depression and other emotional issues resulting from the incident.

### COUNT 1:  PLAINTIFF'S CIVIL RIGHTS CLAIM FOR USE OF EXCESSIVE AND UNNECESSARY FORCE AGAINST OFFICERS OLIVAREZ AND FOSS UNDER 42 U.S.C. §  1983

18.     Mr. Hunt repeats and realleges each of the facts alleged in paragraphs 1-17.

19.     Plaintiff brings a claim against the Defendant Officers, Olivarez and Foss pursuant to 42 U.S.C. § § 1983 and for punitive damages.

20.     At all material times during this incident, Defendants were wearing their official Colleyville Police Department uniforms, driving Colleyville Police vehicles, and acting in their capacities as police officers for the Colleyville Police Department.  Thus, Defendant Officers Olivarez and Foss were acting in the course and scope of their duties as Colleyville Police Officers and under color of state law as agents and employees of the City of Colleyville when they assaulted Mr. Hunt in violation of his constitutional rights to be free of excessive and unreasonable force on August 15, 2023.

21.    Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that the Defendant Officers' actions here were clearly unreasonable.  Specifically, it was unreasonable for:

a.  Officer Olivarez to push Mr. Hunt and force his arms behind his back without any provocation from Mr. Hunt;

b.  Officer Foss to grab Mr. Hunt by the arm without any provocation from Mr. Hunt;

c.  Officer Olivarez to grab Mr. Hunt by the neck without any provocation from Mr. Hunt;

d.  Officer Olivarez to slam Mr. Hunt to the concrete without any provocation from Mr. Hunt;

e.  Officer Olivarez to grab Mr. Hunt's right arm and pull it backwards so far that his neck and elbow were  fractured, and his shoulder injured; actions all occurring without provocation from Mr. Hunt'

f.  Officers Olivarez and Foss to use excessive force on Mr. Hunt without any provocation from Mr. Hunt.  Simply put, the circumstances facing the officers did not require that degree of force. The officers had no reason to believe that  Mr.  Hunt  was  armed  or dangerous  or posed  any  threat  of imminent bodily harm to the officers or any other persons.  Nor had he made any verbal threats to the officers or any other person; and

g.  Officers Olivarez and Foss to not seek an alternative means to de-escalate the situation involving Mr. Hunt's concern regarding a male

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 5

officer touching his daughter during a search.

22.    Therefore, by using excessive and unnecessary force while acting under color of state law, Officers Olivarez and Foss violated Mr. Hunt's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his physical injuries, his mental and emotional distress and injuries, pain and suffering, and his hospital bills.  Defendants are therefore liable to Plaintiff for all compensatory and exemplary damages and his attorneys' fees and costs.

## REQUEST FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 1988

23.    Plaintiff is entitled to his attorneys' fees and costs in this action under 42 U.S.C. § 1988.  Plaintiff therefore requests that the Court and jury grant his request for attorneys' fees and costs.

## JURY DEMAND

24.    Plaintiff respectfully requests a jury trial under Federal Rule of Civil Procedure 8(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

**THE COCHRAN FIRM-DALLAS, PLLC**

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 6

*/s/ Dimitri Dube*
Dimitri Dube
State Bar No. 24068944
ddube@cochrantexas.com
Bryan D. Pope
State Bar No. 00788213
bpope@cochrantexas.com
1825 Market Center Blvd, Suite 500
Dallas, Texas 75207
Telephone: (214) 651-4260
Facsimile: (214) 651-4621

For E-Service please include:
twickstrom@cochrantexas.com